OPINION
{¶ 1} Defendant-appellant, Curtis Delany, Jr. ("appellant"), appeals from the judgment of the Franklin County Court of Common Pleas finding him guilty of one count of robbery in violation of R.C. 2911.02.
 {¶ 2} On November 20, 2003, Melvin Bibbs ("Bibbs"), was working alone at a Dairy Mart located at 1573 Schrock Road. At approximately 3:30 a.m., a man entered the Dairy Mart and said, "I'm going to jail already, I'm going to take it easy on you, I'm not going to pull a gun. I need all the money in your register." (Oct. 2004 Tr., pg. 100.) Bibbs complied and gave the man the money from the register. The man exited the store and left in a car. Bibbs called the police and informed them of the events that had just transpired. When the description of the getaway vehicle was dispatched, undercover Columbus police officers working in the general area of the Dairy Mart, followed the vehicle and called for a marked cruiser to stop it. Appellant was then apprehended at a residence after a consent search was obtained. Thereafter, approximately two to three hours after the offense occurred, the police returned to the Dairy Mart and took Bibbs to a location to make an identification of the perpetrator. Upon arrival, Bibbs identified the appellant as the man that entered the Dairy Mart and demanded the money.
 {¶ 3} Appellant was charged in a three-count indictment. A jury trial was held in the Franklin County Court of Common Pleas. The jury found appellant not guilty as to counts one and two, and guilty as to the robbery in count three of the indictment. Appellant was sentenced to a three-year prison term.
 {¶ 4} Appellant timely appeals and asserts the following two assignments of error:
[I.] The Trial Court erred when it entered judgment against the defendant when the evidence was insufficient to sustain a conviction and was not supported by the manifest weight of the evidence.
[II.] The trial court erred when it failed to instruct on a lesser offense.
 {¶ 5} Appellant's first assignment of error asserts that his conviction was not supported by sufficient evidence and was not supported by the manifest weight of the evidence. "The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different."State v. Villa-Garcia, Franklin App. No. 03AP-384, 2004-Ohio-1409, at ¶ 18, quoting, State v. Thompkins (1997),78 Ohio St.3d 380, paragraph two of the syllabus. Therefore, each standard will be separately delineated.
 {¶ 6} The Ohio Supreme Court described the role of an appellate court presented with a sufficiency of the evidence argument in State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus:
An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. (Jackson v. Virginia (1979), 443 U.S. 307, 99 S.Ct. 2781.)
 {¶ 7} Whether the evidence is legally sufficient is a question of law, not fact. Thompkins, supra. In determining the sufficiency of the evidence, an appellate court must give "full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts."Jackson v. Virginia (1979), 443 U.S. 307, 319, 99 S.Ct. 2781. Consequently, the weight of the evidence and the credibility of the witnesses are issues primarily determined by the trier of fact. State v. Yarbrough, 95 Ohio St.3d 227, 2002-Ohio-2126, at ¶ 79; State v. Thomas (1982), 70 Ohio St.2d 79, 80. Thus, a jury verdict will not be disturbed unless, after viewing the evidence in a light most favorable to the prosecution, it is apparent that reasonable minds could not reach the conclusion reached by the trier of fact. State v. Treesh (2001),90 Ohio St.3d 460, 484; Jenks, supra.
 {¶ 8} A manifest weight argument is evaluated under a different standard. "The weight of the evidence concerns the inclination of the greater amount of credible evidence offered in a trial to support one side of the issue rather than the other."State v. Brindley, Franklin App. No. 01AP-926, 2002-Ohio-2425, at ¶ 35, citation omitted. In order for a court of appeals to reverse the judgment of a trial court on the basis that the verdict is against the manifest weight of the evidence, the appellate court must disagree with the fact-finder's resolution of the conflicting testimony. Thompkins, supra, at 387. The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether, in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction. Id., quotingState v. Martin (1983), 20 Ohio App.3d 172, 175.
 {¶ 9} A defendant is not entitled to a reversal on manifest weight grounds merely because inconsistent evidence was presented at trial. State v. Raver, Franklin App. No. 02AP-604, 2003-Ohio-958, at ¶ 21. The determination of weight and credibility of the evidence is for the trier of fact. State v.DeHass (1967), 10 Ohio St.2d 230. The rationale is that the trier of fact is in the best position to take into account inconsistencies, along with the witnesses' manner and demeanor, and determine whether the witnesses' testimony is credible.State v. Williams, Franklin App. No. 02AP-35, 2002-Ohio-4503, at ¶ 58; State v. Clarke (Sept. 25, 2001), Franklin App. No. 01AP-194. The trier of fact is free to believe or disbelieve all or any of the testimony. State v. Jackson (Mar. 19, 2002), Franklin App. No. 01AP-973; State v. Sheppard (Oct. 12, 2001), Hamilton App. No. C-000553. Consequently, although an appellate court must act as a "thirteenth juror" when considering whether the manifest weight of the evidence requires reversal, it must give great deference to the fact-finder's determination of the witnesses' credibility. State v. Covington, Franklin App. No. 02AP-245, 2002-Ohio-7037, at ¶ 22; State v. Hairston, Franklin App. No. 01AP-1393, 2002-Ohio-4491, at ¶ 17.
 {¶ 10} Appellant argues that the evidence presented at trial was insufficient to convict him of robbery. Appellant contends that because the jury found appellant not guilty of counts one and two, and thereby found that appellant did not possess a deadly weapon, appellant's statements to Bibbs cannot be construed as a threat to use immediate force while committing a theft offense as required by R.C. 2911.02. Thus, it is appellant's position that since there is no evidence that a threat of an "immediate use of force" occurred, the evidence was insufficient to convict him of robbery and said conviction was against the manifest weight of the evidence.
 {¶ 11} Appellant was convicted of robbery pursuant to R.C.2911.02(A)(1-3), which states:
(A) No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following:
(1) Have a deadly weapon on or about the offender's person or under the offender's control;
(2) Inflict, attempt to inflict, or threaten to inflict physical harm on another;
(3) Use or threaten the immediate use of force against another.
 {¶ 12} "The `force' element is satisfied when `the fear of the alleged victim [is] of such a nature as in reason and common experience is likely to induce a person to part with property against his will and temporarily suspend his power to exercise his will by virtue of the influence of the terror impressed.'"State v. Stargell (Apr. 30, 1996), Franklin App. No. 95AP09-1157, citing State v. Davis (1983), 6 Ohio St.3d 91, paragraph one of the syllabus. Sufficient force does not require that the victim see a gun. In Davis, the Supreme Court of Ohio held that a "[threat of] the immediate use of force against another," an essential element of the offense of robbery in violation of R.C. 2911.02(A), can be proven by demanding words and a threatening demeanor, i.e., the offender using the particular demeanor of holding one of his hands under his clothing hidden from the victim's view as if carrying a firearm, even though the offender does not verbally threaten harm. Davis
at 93. See, also, State v. Bentley (1990), 69 Ohio App.3d 33
(holding that defendant's actions constituted a threat of force in raising fists to a 67 year-old victim, and in reaching into his own shirt as if he were reaching for a weapon).
 {¶ 13} Here, the evidence when viewed in a light most favorable to the prosecution, as is required, could convince the average mind of defendant's guilt beyond a reasonable doubt. Bibbs testified that he was certain in his identification of the offender. (Oct. 2004, Tr. pg. 129.) A shirt with the words "south pole" was found in the apartment where appellant was arrested. A shirt with the words "south pole" can be seen in the photographs from the video surveillance, and Bibbs identified the shirt as the one appellant was wearing during the commission of the offense. Bibbs testified that when appellant approached the counter at the Dairy Mart, appellant stated, "I'm going to jail already, I'm going to take it easy on you, I'm not going to pull a gun. I need all the money in your register." Id. pg.100. Bibbs further testified, "When I looked at him, he said, `I need all the money now,' and he reached for his back pocket. So I emptied the register except for the change." Id.
 {¶ 14} Additionally, Bibbs testified as follows:
Q. Did you or anyone else from Dairy Mart give him permission to take this money?
A. Besides him saying, "I have a gun"?
Q. Yes.
A. "Give me the money"?
Q. Yes.
A. That's exactly what I did.
Q. Are those pursuant to your instructions from Dairy Mart?
A. No, sir.
Q. Well, you feel no need to risk your bodily health for Dairy Mart, do you?
A. This is correct, sir.
Id. at 102-103.
 {¶ 15} During cross-examination, Bibbs testified that appellant asked for the money when he stepped to the register and said, "I'm going to take it easy on you, bro, I don't even have to show you a gun because I know you are going to give it to me." Id., pg. 112. Bibbs also testified that he gave appellant the money after appellant gestured to his back pocket.
 {¶ 16} Based on the evidence and the testimony of all the witnesses viewed in a light favorable to the state, we find that a rational trier of fact could have found the essential elements of the crime of robbery proven beyond a reasonable doubt.
 {¶ 17} Similarly, we cannot say that the jury's verdict was against the manifest weight of the evidence. Just like appellant's sufficiency of the evidence argument, the basis for appellant's manifest weight argument is that the statements made to Bibbs appear not to be a threat to use immediate force, but, rather, a statement made to commit a theft offense. A conviction, however, is "not against the manifest weight of the evidence simply because the jury believed the prosecution testimony."State v. Moore, Montgomery App. No. 20005, 2004-Ohio-3398, quoting State v. Gilliam (Aug. 12, 1998), Lorain App. No. 97CA006757. The jury heard the testimony and was in the best position to evaluate credibility. State v. Williams, supra;State v. Clarke, supra. Based upon the testimony of the witnesses, the jury had ample evidence to believe that defendant committed robbery. After carefully reviewing the trial court's record in its entirety, we conclude that there is nothing to indicate that the jury clearly lost its way or that any miscarriage of justice resulted. Consequently, we cannot say that defendant's conviction is against the manifest weight of the evidence.
 {¶ 18} Accordingly, appellant's first assignment of error is overruled.
 {¶ 19} In his second assignment of error, appellant argues that the trial court erred in failing to instruct the jury on the lesser-included offense of theft by threat pursuant to R.C.2913.02(A)(4). It is appellant's position that appellant never told Bibbs that he had a weapon, only that appellant would not use one, and that appellant's comments, i.e., "give me the money" and "I won't pull a gun," could be construed as a threat of immediate force, but also a threat of disagreeable consequences. Therefore, because a jury could have found for the lesser offense under a reasonable view of the evidence, appellant contends that the trial court should have instructed the jury on the lesser-included offense of theft by threat.
 {¶ 20} Theft by threat is defined in R.C. 2913.02(A)(4), which provides:
(A) No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways:
* * *
(4) By threat[.]
 {¶ 21} Theft by threat may be a lesser-included offense of robbery since theft by threat is an offense of a lesser degree than robbery. A robbery cannot be committed without a theft having been committed, but robbery requires proof of an element, the use of force or the threat to use immediate force, that need not be proven for a conviction of theft by threat. However, simply because one crime is a lesser-included offense of another crime does not mean that the trial court must instruct the jury on the lesser-included offense. State v. Vinson (Apr. 10, 1997), Franklin App. No. 96AP08-1004, citing State v. Davis
(1983), 6 Ohio St.3d 91.
 {¶ 22} In State v. Wilkins (1980), 64 Ohio St.2d 382, 388
the court stated:
If the evidence adduced on behalf of the defense is such that if accepted by the trier of fact it would constitute a complete defense to all substantive elements of the crime charged, the trier of fact will not be permitted to consider a lesser included offense unless the trier of fact could reasonably find against the state and for the accused upon one or more of the elements of the crime charged, and for the state and against the accused on the remaining elements, which, by themselves, would sustain a conviction upon a lesser included offense.
The persuasiveness of the evidence regarding the lesser included offense is irrelevant. If under any reasonable view of the evidence it is possible for the trier of fact to find the defendant not guilty of the greater offense and guilty of the lesser offense, the instruction on the lesser included offense must be given. The evidence must be considered in the light most favorable to defendant.
 {¶ 23} The question here is not whether appellant could have been convicted of a lesser offense rather than robbery, but whether it would be possible for the jury to find that appellant's conduct did not constitute a threat of the immediate use of force. Vinson, supra. As discussed previously, Bibbs testified that appellant stated, "I'm going to jail already. I'm going to take it easy on you, I'm not going to pull a gun. I need all the money in your register." When Bibbs hesitated, appellant said, "I need all the money now," and reached for his back pocket. (Oct. 2004, Tr. pg. 100.) Bibbs also testified that appellant stated, "I don't even have to show you a gun because I know you are going to give it me." (Id., pg. 112.)
 {¶ 24} This court finds that it is reasonable to conclude that appellant's threats to Bibbs constituted a threat of the immediate use of force and not just a threat of disagreeable consequences. Thus, the trial court was not required to give the instruction on the lesser included offense of theft by threat since only jury instructions which are correct and pertinent must be included in substance in the general charge to the jury.State v. Barron (1960), 170 Ohio St. 267.
 {¶ 25} Accordingly, appellant's second assignment of error is overruled.
 {¶ 26} For the foregoing reasons, appellant's first and second assignments of error are overruled and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
Judgment affirmed.
Brown and French, JJ., concur.