OPINION
{¶ 1} Defendant-appellant, Charles L. Accord, appeals his robbery conviction from the Fayette County Court of Common Pleas.[1] We affirm the conviction for the reasons outlined below.
 {¶ 2} A jury found appellant guilty of the offense of robbery under R.C. 2911.02(A)(3) after appellant was charged with entering a gas station during the evening hours of June 15, 2004 in Fayette County and demanding and receiving money from the clerk. Appellant appeals his conviction and advances three assignments of error.
 {¶ 3} Assignment of Error No. 1:
 {¶ 4} "THE TRIAL COURT ERRED WHEN IT DENIED CHARLES ACCORD'S REQUEST FOR A JURY INSTRUCTION ON THE LESSER INCLUDED OFFENSE OF THEFT IN VIOLATION OF O.R.C. § 2913.02[.]"
 {¶ 5} An offense may be a lesser-included offense of another if: (1) the offense carries a lesser penalty than the other; (2) the greater offense cannot, as statutorily defined, ever be committed without the lesser offense, as statutorily defined, also being committed; and, (3) some element of the greater offense is not required to prove the commission of the lesser offense." State v. Deem (1988), 40 Ohio St.3d 205, paragraph three of the syllabus; State v. Barnes, 94 Ohio St.3d 21, 25,2002-Ohio-68.
 {¶ 6} Appellant was convicted of committing the offense of robbery, and the applicable portions of the statute state, that "[n]o person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following: * * * Use or threaten the immediate use of force against another." R.C. 2911.02(A)(3). The term "force" as used in R.C. 2911.02(A)(3) means "any violence, compulsion, or constraint physically exerted by any means upon or against a person or thing." R.C. 2901.01(A)(1).
 {¶ 7} The record indicates that appellant's trial counsel asked the trial court to give a lesser included instruction for the offense of theft by threat under R.C. 2913.02(A)(4). The theft statute, R.C. 2913.02, states, in pertinent part, that "[n]o person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways: * * * (4) By threat."
 {¶ 8} The Ohio Supreme Court has stated that theft by threat is not restricted to physical harm and does not involve the robbery component of "the use of force or the immediate use of force." State v. Davis (1983), 6 Ohio St.3d 91, 95-96 (possible that jury could find that accused's conduct amounted only to a "threat of disagreeable consequences").
 {¶ 9} An instruction on a lesser-included offense is required only where the evidence presented at trial would reasonably support both an acquittal on the crime charged and a conviction on the lesser-included offense. State v. Carter,
89 Ohio St.3d 593,600, 2000-Ohio-172. The evidence must be considered in the light most favorably for appellant. Davis at 95.
 {¶ 10} The following evidence was adduced at trial in the instant case. The gas station clerk testified that a man she did not know walked into the store area of the station around 9:30 p.m. in June 2004. The clerk remembered that the man walked in at the same time as a neighbor who lived near the station was leaving the store area.
 {¶ 11} The clerk testified that the man was wearing a jacket and had his hands in the front pocket or pockets of the jacket. The man asked the clerk whether "those guys" were back there. The clerk said she assumed that he was referring to the station owner and manager who were known to frequent the back area while on the computer. When the clerk told the man that they were not present, the man told her to "give me all your money."
 {¶ 12} The clerk testified that she didn't know whether he was joking or not and asked him if he was joking. She testified that the man changed his stance and replied, "I'm serious."
 {¶ 13} The clerk indicated that while the man kept his hands in his pockets, she saw the shape of something in appellant's pocket that she thought was a gun. She stated, "I seen something protruding from his pocket just exactly like that and that's when the blood drained from my face and I knew he was serious and I froze, and the rest of it was kind of like a blur."
 {¶ 14} The clerk indicated that she opened the cash drawer and removed bills from the drawer. She testified that after she removed bills from the slots containing denominations of $20, $10, and $5, the man told her he didn't want any $1 bills. The man reportedly removed one of his hands from his pocket to grab the bills she was handing him, turned, and left the station.
 {¶ 15} The primary contention between appellant and the state is whether the state showed that appellant used or threatened the immediate use of force to constitute a robbery. The use or threat of immediate use of force element for robbery is satisfied when "the fear of the alleged victim was of such a nature as in reason and common experience is likely to induce a person to part with property against his will and temporarily suspend his power to exercise his will by virtue of the influence of the terror impressed." State v. Davis, 6 Ohio St.3d at paragraph one of the syllabus.
 {¶ 16} A threat of the immediate use of force against another can be proven by a "threatening demeanor and demanding words."Davis at 93. The threat or immediate use of force can be shown by evidence that the offender, while demanding money from a person, holds "one of his hands under his clothing hidden from the victim's view, as if carrying a firearm, even though the offender does not verbally threaten harm." Id.; State v.Delany, Franklin App. No. 04AP-1361, 2005-Ohio-4067, at ¶ 12.
 {¶ 17} Appellant, on the other hand, testified in the instant case that he and the station clerk had previously "partied" together, and they had agreed that she would give him money from the cash drawer. Appellant testified that after he arrived at the station, the clerk stated that she had changed her mind about their agreement but handed him $80 from the cash drawer and told him to leave.
 {¶ 18} Considering the evidence most favorably to appellant on the request for a jury instruction on theft by threat, there was no reasonable view of the evidence upon which the jury could acquit appellant of robbery and find him guilty of theft by threat. State v. Wilkins (1980), 64 Ohio St. 2d 382, 388 (where two completely divergent stories were presented to the jury herein, no trier of fact could both acquit the defendant of the greater charge and find him guilty of the proposed lesser offense). There was no testimony by the clerk that could be construed as a threat of undesirable consequences for theft by threat, as opposed to the use or threat of the immediate use of force (emphasis added) for robbery. Appellant's testimony, likewise, produced no evidence of threats of any kind as appellant told the jury that he and the clerk were acquaintances working together to improve appellant's financial situation.
 {¶ 19} The trial court was not required to give a jury instruction on theft by threat "since only jury instructions which are correct and pertinent must be included in substance in the general charge to the jury." State v. Delany at ¶ 24; cf.State v. Carter, 89 Ohio St.2d at 602 (request for voluntary manslaughter instruction properly denied since evidence fully supported greater offense).
 {¶ 20} Accordingly, the trial court did not abuse its discretion in denying a proposed jury instruction for theft by threat. See State v. Moore, 163 Ohio App.3d 23, 2005-Ohio-4531
(abuse of discretion standard). Appellant's first assignment of error is overruled.
 {¶ 21} Assignment of Error No. 2:
 {¶ 22} "THE EVIDENCE WAS INSUFFICIENT AS A MATTER OF LAW TO SUPPORT A JURY VERDICT FINDING CHARLES ACCORD GUILTY OF ROBBERY IN VIOLATION OF § 2911.02(A)(3)."
 {¶ 23} Under this assignment of error, appellant specifically attacks the sufficiency of the testimony identifying appellant as the perpetrator of the robbery.
 {¶ 24} In resolving the sufficiency of the evidence argument, the relevant question is whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of syllabus.
 {¶ 25} We previously discussed both the elements of robbery and some of the evidence presented during our discussion of the first assignment of error. The state also provided testimony from the gas station neighbor that he was leaving the store at the same time that a man was entering the store and that this man was the same individual he saw quickly leaving the station shortly thereafter. The neighbor indicated that the clerk came out of the station and called for him to notify the police that she had been robbed. The neighbor testified that he watched as the alleged perpetrator rapidly disappeared from view on a bicycle.
 {¶ 26} The neighbor and the clerk testified that they identified the perpetrator from a photo array provided by police. Police officers testified that the neighbor and clerk separately chose appellant's photograph from a photo array.
 {¶ 27} The neighbor and clerk testified that appellant's physical appearance was quite different in court than it was on the day of the robbery. When asked whether the neighbor recognized any person present in the courtroom, the neighbor replied, "Not really." The clerk responded to the same question by stating, "[h]e looks different." * * * "I think it's him." * * * "If he took his glasses off I'd know for sure."[2]
 {¶ 28} A videotape from the gas station camera taping the cashier area was played for the jury. The videotape showed appellant entering the station and talking with the clerk. The videotape showed the clerk removing items from what appeared to be the cash drawer and handing them toward appellant.
 {¶ 29} The state also presented a witness who testified that she recognized appellant from photographs or a videotape provided by police and told police his identity. She testified that she was familiar with appellant because she and appellant dated many years ago.
 {¶ 30} After reviewing the record and construing the evidence most favorably for the state on the sufficiency challenge, a reasonable jury could have found all of the elements of the offense of robbery, including the identification of appellant as the perpetrator, beyond a reasonable doubt. Appellant's second assignment of error is overruled.
 {¶ 31} Assignment of Error No. 3:
 {¶ 32} "THE JURY VERDICTS FINDING [SIC] CHARLES ACCORD GUILTY OF ROBBERY IN VIOLATION OF § 2911.01(A)(3) WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE[.]"
 {¶ 33} In determining whether a conviction is against the manifest weight of the evidence, the court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.State v. Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52.
 {¶ 34} The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Id., quoting State v.Martin (1983), 20 Ohio App.3d 172, 175. A unanimous concurrence of all three judges on the court of appeals panel reviewing the case is required to reverse a judgment of a trial court on the weight of the evidence in a jury trial. Thompkins at 389.
 {¶ 35} In support of his argument under the manifest weight challenge, appellant again cites the "in-valid" in-court identifications of appellant, and attacks the credibility of the clerk and her version of events.
 {¶ 36} Appellant emphasized at trial that the time imprinted on the gas station video did not correspond with the time of events as recalled by the clerk. The clerk testified that the video camera's "time" was incorrect long before the robbery took place. Appellant also noted that the clerk said she pushed the panic button after the robbery and that appellant appeared to be "high," but none of the evidence at trial supported either claim.
 {¶ 37} We must be mindful that the original trier of fact was in the best position to judge the credibility of witnesses and the weight to be given the evidence. State v. DeHass (1967),10 Ohio St.2d 230, paragraph one of syllabus.
 {¶ 38} Reviewing the evidence under the manifest weight standard, we cannot say that the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. Appellant's third assignment of error is overruled.
 {¶ 39} Judgment affirmed.
Walsh, P.J., and Young, J., concur.
[1] Appellant's last name is spelled two different ways throughout the record, but we will use the aforementioned spelling for purposes of this appeal.
[2] The trial court noted that the record would reflect that the witness identified the defendant, subject to cross-examination. The record does not indicate that appellant was asked to remove his glasses.