OPINION
{¶ 1} Defendant-appellant, Mark A. Ellis, was indicted on one count of second-degree robbery, in violation of R.C.2911.02(A)(2) and one count of third-degree robbery, in violation of R.C. 2911.02(A)(3). After a jury trial, appellant was found guilty of both counts and sentenced to four years of incarceration on the second-degree felony and two years of incarceration on the third-degree felony, with the sentences to run concurrently. Appellant filed a notice of appeal and raises the following five assignments of error:
I. THE STATE PRESENTED INSUFFICIENT EVIDENCE TO PROVE THAT DEFENDANT-APPELLANT COMMITTED EITHER A SECOND DEGREE ROBBERY IN VIOLATION OF R.C. 2911.02(A)(2), OR A THIRD DEGREE ROBBERY IN VIOLATION OF R.C. 2911.02(A)(3), AND/OR IN THE ALTERNATIVE, DEFENDANT-APPELLANT'S CONVICTIONS FOR THESE OFFENSES ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
II. DEFENDANT-APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION BY HIS COUNSEL'S FAILURE TO REQUEST THE APPROPRIATE JURY INSTRUCTION FOR ROBBERY UNDER R.C. 2911.02(A)(3) AND COUNSEL'S FAILURE TO OBJECT TO THE COURT'S INSTRUCTION WHICH PERMITTED THE JURY TO FIND HIM GUILTY OF ROBBERY UNDER THE "THEFT BY THREAT" STANDARD OF R.C. 2913.02(A)(4), WHICH ALTERNATIVELY CONSTITUTES PLAIN ERROR.
III. R.C. 2911.02(A)(2), SECOND DEGREE ROBBERY, AND R.C.2929.02(A)(3), THIRD DEGREE ROBBERY, PROHIBIT IDENTICAL ACTIVITY, REQUIRE IDENTICAL PROOFS, AND YET R.C. 2911.02(A)(2) SUBJECTS OFFENDERS TO A HIGHER PENALTY THEREBY VIOLATING THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND SECTION 16, ARTICLE I OF THE OHIO CONSTITUTION.
IV. THE TRIAL COURT ERRED WHEN IT DID NOT GRANT DEFENDANT-APPELLANT A MISTRIAL AFTER A STATE WITNESS IN HER TESTIMONY, REFERRED TO THE FACT MR. ELLIS HAD BEEN INCARCERATED PRIOR TO TRIAL IN VIOLATION OF HIS RIGHT TO DUE PROCESS AS GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTIONS 2 AND 10, ARTICLE 1 OF THE OHIO CONSTITUTION.
V. MR. ELLIS' CONVICTIONS ON TWO COUNTS OF DIFFERENT FELONY DEGREE ROBBERIES FOR THE SAME CONDUCT VIOLATES THE DOUBLE JEOPARDY CLAUSE OF THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTIONS AND/OR THE CONVICTIONS REFLECT AN INCONSISTENT VERDICT THAT REQUIRES REVERSAL.
 {¶ 2} By the first assignment of error, appellant contends that the state presented insufficient evidence to prove that appellant committed either a second degree robbery in violation of R.C. 2911.02(A)(2), or a third degree robbery in violation of R.C. 2911.02(A)(3), and/or in the alternative, appellant's convictions for these offenses are against the manifest weight of the evidence. The standard of review for sufficiency of the evidence is if, while viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. "In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law." State v. Thompkins
(1997), 78 Ohio St.3d 380, 386.
 {¶ 3} The test for determining whether a conviction is against the manifest weight of the evidence differs somewhat from the test as to whether there is sufficient evidence to support the conviction. With respect to manifest weight, the evidence is not construed most strongly in favor of the prosecution, but the court engages in a limited weighing of the evidence to determine whether there is sufficient competent, credible evidence which could convince a reasonable trier of fact of appellant's guilt beyond a reasonable doubt. See State v. Conley (Dec. 16, 1993), Franklin App. No. 93AP-387.
* * * Weight of the evidence concerns "the inclination of thegreater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credibleevidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on itseffect in inducing belief." (Emphasis added.) Black's [Law Dictionary (6 Ed. 1990)] at 1594).
Thompkins, at 387.
 {¶ 4} The charges arose out of an incident on June 18, 2004. Gwendolyn Ware testified that she was employed at United Dairy Farmers as the assistant manager and she was the only employee working at approximately 5:30 a.m. (Tr. at 8-11.) Appellant entered the store and approached the counter, told Ware he had a gun, he was on crack and he needed the money. (Tr. at 11.) Ware had previously seen appellant in the store. (Tr. at 10.) She told appellant to leave the store. Appellant then told her he was not playing and she became scared. (Tr. at 12.) Another customer approached the counter, requested cigarettes and appellant backed away. (Tr. at 12.) After the customer purchased the cigarettes, appellant reached over the counter and took money out of the register drawer. (Tr. at 13.) Ware attempted to close the drawer on his hand, but then backed away. (Tr. at 17.) She had pushed the security button the second time appellant approached the counter and she believed he had a gun. (Tr. at 23, 27.) Detective Edward Dahlman testified that Ware "instantly and without hesitation" picked appellant from a photo array. (Tr. at 59.)
 {¶ 5} Appellant contends that there is insufficient evidence to support his convictions for both second degree robbery pursuant to R.C. 2911.02(A)(2) and third degree robbery pursuant to R.C. 2911.02(A)(3). Appellant argues that there was no force involved in this case sufficient for a violation of R.C.2911.02(A)(3).
 {¶ 6} R.C. 2911.02 provides in pertinent part, as follows:
(A) No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following:
* * *
(2) Inflict, attempt to inflict, or threaten to inflict physical harm on another;
(3) Use or threaten the immediate use of force against another.
(B) Whoever violates this section is guilty of robbery. A violation of division (A)(1) or (2) of this section is a felony of the second degree. A violation of division (A)(3) of this section is a felony of the third degree.
 {¶ 7} R.C. 2901.01(A)(3) defines physical harm as "any injury, illness, or other physiological impairment, regardless of its gravity or duration." Appellant was charged with two offenses which involve separate distinct elements. In addition to the attempting or committing a theft offense, R.C. 2911.02(A)(2) requires proof of infliction or attempted infliction or threatened infliction of physical harm. R.C. 2911.02(A)(3) requires use or threatened use of force against another. These are distinct and separate acts and may be proven by essentially the same evidence but may be offenses of similar import. Appellant made an implied threat of physical harm to Ware when he told her he had a gun, was on drugs and needed the money. Telling a person that you have a gun in connection with a demand for money permits a reasonable inference of a threat of physical harm, which is sufficient for R.C. 2911.02(A)(2).
 {¶ 8} R.C. 2901.01(A)(1) defines "force" as "any violence, compulsion, or constraint physically exerted by any means upon or against a person or thing." Furthermore, "[t]he type of force envisioned by the legislature in enacting R.C. 2911.02 is that which poses actual or potential harm to a person." State v.Wilson (Sept. 30, 1996), Franklin App. No. 96APA04-431, quotingState v. Carter (1985), 29 Ohio App.3d 148, 149, citing Committee Comment to R.C. 2911.02. In State v. Davis (1983),6 Ohio St.3d 91, paragraph one of the syllabus, the Supreme Court of Ohio held that the use or threat of immediate use of force used in a robbery is satisfied if there is sufficient fear likely to cause the victim to part with the property. Appellant argues that Ware was not afraid. Ware's testimony provides the opposite.
 {¶ 9} Ware testified that initially she was not afraid. However, when appellant told her he was not playing, she became afraid. (Tr. at 12.) She stated:
The look in his eyes, you know, I didn't even think when I did that. To be honest, I did not think. It just the look in his eyes showed me a different person than the person that I had normally seen. He seemed harmless before. But that day it was a certain look in his eyes. I just gave it up. Hey, he can have it.
(Tr. at 39.)
 {¶ 10} Proof of an offense may be circumstantial as well as by direct evidence, each of which possess the same probative value. Jenks, supra, at the first paragraph of the syllabus. A reasonable inference of threat of physical harm may be made from the fact that appellant repeatedly told Ware that he had a gun, especially when coupled with his statement that he was not playing around. Such evidence sufficiently supports the making of an inference of a threat of physical harm if the person addressed does not comply with the demand for money. Moreover, more than one reasonable inference may be made from the same circumstantial evidence when justified Here, a second inference of use of or threat to use force may be made from the same evidence. The jury could and did make two separate inferences from the same evidence inferring both the use of force element of R.C. 2911.02(A)(3) and the threat of infliction of physical harm element of R.C.2911.02(A)(2) from the same evidence. Both are reasonable inferences from the evidence.
 {¶ 11} This court recently found there was sufficient evidence of a threat of force where the defendant told the store clerk that he was not going to "pull a gun" but implied that he had one. See State v. Delany, Franklin App. No. 04AP-1361,2005-Ohio-4067. In Davis, supra, the court found that a threat of the immediate use of force can be proven by demanding words and a threatening demeanor. In this case, appellant threatened the use of a gun two times and had his hand underneath his shirt so that Ware testified that she was afraid. This is sufficient force for R.C. 2911.02(A)(3). Appellant's first assignment of error is not well-taken.
 {¶ 12} By the second assignment of error, appellant contends he was denied effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution and ArticleI, Section 10 of the Ohio Constitution by his counsel's failure to request the appropriate jury instruction for robbery under R.C. 2911.02(A)(3) and counsel's failure to object to the court's instruction which permitted the jury to find him guilty of robbery under the "theft by threat" standard of R.C.2913.02(A)(4), which alternatively constitutes plain error.
 {¶ 13} In order to demonstrate that his counsel's representation was ineffective, appellant must demonstrate that: (1) counsel's performance was deficient; and (2) this deficient performance prejudiced the defense. Strickland v. Washington
(1984), 466 U.S. 668, 687. "A defendant does not state a claim for ineffective assistance of counsel unless his attorney acted unreasonably given the facts of the case, and the unreasonable conduct was prejudicial to the defense." State v. Mills (1992),62 Ohio St.3d 357, 370, certiorari denied, Mills v. Ohio
(1992), 505 U.S. 1227, 112 S.Ct. 3048. Counsel need not raise meritless issues. State v. Hill (1996), 75 Ohio St.3d 195. InState v. Braxton (June 6, 1985), Franklin App. No. 84AP-924, this court held that, where the failure to object does not constitute plain error, the issue cannot be reversed by claiming ineffective counsel.
 {¶ 14} Appellant contends that his counsel was ineffective for failing to request an instruction defining force to include "actual or potential harm to persons." See State v. Bush
(1997), 119 Ohio App.3d 146; State v. Furlow (1992),80 Ohio App.3d 146. The trial court provided the following instruction:
Force means any violence, compulsion or constraint physically exerted by any means upon or against a person or thing.
* * *
If you find that Gwen Ware was placed in fear and that her fear was reasonable under the circumstances, and that it would cause a reasonable person to give up her property against her will, then you may find that the state has proved the element of force.
(Tr. at 103.)
 {¶ 15} When determining whether a trial court erred in its jury instructions, an appellate court reviews the instruction as a whole. Wozniak v. Wozniak (1993), 90 Ohio App.3d 400, 410. A trial court has broad discretion in instructing the jury. Statev. Smith (2002), Franklin App. No. 01AP-848, 2002-Ohio-1479. In order to find that the trial court abused its discretion, we must find more than an error of law or judgment, an abuse of discretion implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. Most instances of an abuse of discretion result in decisions that are unreasonable as opposed to arbitrary and capricious. AAAA Enterprises, Inc. v. River Place CommunityUrban Redevelopment Corp. (1990), 50 Ohio St.3d 157. A decision that is unreasonable is one that has no sound reasoning process to support it.
 {¶ 16} The trial court gave the jury the statutory definition of force pursuant to R.C. 2901.01. "[A]mplification of statutory definitions is inadvisable, is likely to introduce error, and is to be done, if at all, only with extreme care not to prejudice either party to a criminal case." Wilson, supra, quoting Statev. Mahoney (1986), 34 Ohio App.3d 114, 119. This court has already determined that an additional instruction utilizing language from the Committee Comment to R.C. 2911.02 is unnecessary. See State v. Morgan (Jan. 13, 2000), Franklin App. No. 99AP-307. Appellant's counsel was not ineffective for failing to request the instruction or object to the given instruction.
 {¶ 17} Appellant argues alternatively that this constitutes plain error. Although generally a court will not consider alleged errors that were not brought to the attention of the trial court, Crim.R. 52(B) provides that the court may consider errors affecting substantial rights even though they were not brought to the attention of the trial court. "`Plain error is an obvious error * * * that affects a substantial right.'" State v.Yarbrough, 95 Ohio St.3d 227, 244, 2002-Ohio-2126, at ¶ 108, quoting State v. Keith (1997), 79 Ohio St.3d 514, 518. An alleged error constitutes plain error only if the error is obvious and, but for the error, the outcome of the trial clearly would have been different. Yarbrough, at 244-245. "[N]otice of plain error is taken with utmost caution only under exceptional circumstances and only when necessary to prevent a manifest miscarriage of justice." State v. Martin, Franklin App. No. 02AP-33, 2002-Ohio-4769, at ¶ 28. Since we have determined that the instruction was unnecessary, the failure to request it does not constitute plain error. Appellant's second assignment of error is not well-taken.
 {¶ 18} By the third assignment of error, appellant contends that R.C. 2911.02(A)(2), second degree robbery, and R.C.2929.02(A)(3), third degree robbery, prohibit identical activity, require identical proofs, and yet R.C. 2911.02(A)(2) subjects offenders to a higher penalty thereby violating the equal protection clause of the Fourteenth Amendment to the United States Constitution and Section 16, Article I of the Ohio Constitution. Given our disposition of the fifth assignment of error, this assignment of error is rendered moot. Moreover, we have noted above that there are distinct elements of force and infliction of physical harm which distinguishes the two offenses.
 {¶ 19} By the fourth assignment of error, appellant contends that the trial court erred when it did not grant appellant a mistrial after a state witness in her testimony, referred to the fact appellant had been incarcerated prior to trial in violation of his right to due process as guaranteed by the Fifth andFourteenth Amendments to the United States Constitution and Sections 2 and 10, Article 1 of the Ohio Constitution. Appellant argues that the following exchange violated his due process rights:
Q. And do you see that person before you today in court?
A. Yes, I do. Yes. He just looks a lot better. But I see him.
Q. How does he look better?
A. Well, as far as I'm concerned time served did him some justice.
(Tr. at 20-21.)
 {¶ 20} The trial court then instructed the jury, at 22, as follows:
Mr. Churchill, the objection is sustained. The witness may have made some reference to a matter that was not responsive to the question that had something to do other than with the identification of the defendant. And the jury is instructed to disregard anything that does not relate to the identification of the defendant.
(Tr. at 22.)
 {¶ 21} The jury is presumed to follow instructions given by the court. Pang v. Minch (1990), 53 Ohio St.3d 186, paragraph four of the syllabus. Furthermore, a comment referring to a defendant being in jail is not per se a prejudicial remark.State v. Hamilton (Apr. 18, 1985), Cuyahoga App. No. 48945. Appellant relies on the factors provided in Hamilton, supra, to argue that his rights were violated. The court in Hamilton, at ¶ 5, set forth factors for the court to consider whether the conduct was prejudicial to a defendant's rights, as follows:
(1) [T]he nature of the remarks, (2) whether an objection was made by counsel, (3) whether corrective instructions were given by the court, and (4) the strength of the evidence against the defendant.
 {¶ 22} Based on the foregoing analysis, we have considered these factors and find appellant's rights were not violated. Appellant's fourth assignment of error is not well-taken.
 {¶ 23} By the fifth assignment of error, appellant contends that appellant's convictions on two counts of different felony degree robberies for the same conduct violates the double jeopardy clause of the Fifth Amendment to the United States Constitution and Article I, Section 10, of the Ohio Constitutions and/or the convictions reflect an inconsistent verdict requiring reversal.
 {¶ 24} Appellee concedes that this assignment of error should be sustained to the extent that the trial court erred in impermissibly sentencing appellant on both robbery counts. The counts should have merged pursuant to R.C. 2941.25. Appellant's fifth assignment of error is well-taken in part.
 {¶ 25} For the foregoing reasons, appellant's first, second and fourth assignments of error are overruled, the third assignment of error is moot and the fifth assignment of error is sustained only to the extent that the trial court erred in failing to merge the sentences. Accordingly, the judgment of the Franklin County Court of Common Pleas is affirmed in part, reversed in part, and we remand the cause only for resentencing.Judgment affirmed in part, reversed in part, and cause remandedfor resentencing.
Petree and Travis, JJ., concur.
Whiteside, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), ArticleIV, Ohio Constitution.