OPINION
{¶ 1} Defendant-appellant, Jeffrey Antwoine Nelson, appeals his convictions in the Clermont County Court of Common Pleas for two counts of aggravated robbery. We affirm appellant's convictions.
 {¶ 2} In March 2005, a Clermont County grand jury indicted appellant for two counts of aggravated robbery in violation of R.C. 2911.01(A)(1), both counts including firearm specifications. The common pleas court held a jury trial in February 2006. According to the *Page 2 
trial testimony of the two female victims, appellant obtained items from them at gunpoint after spending the evening with them and another man at their apartment. After hearing all of the evidence, the jury convicted appellant of both aggravated robbery counts and firearm specifications.
 {¶ 3} The common pleas court sentenced appellant to six years in prison for each of the two aggravated robbery convictions, to be served concurrently. The court imposed three years in prison for each of the two gun specifications, to be served concurrently to each other, but consecutively to the sentences for the aggravated robbery convictions, for a total of nine years in prison.
 {¶ 4} Appellant now appeals his convictions, raising one assignment of error as follows:
 {¶ 5} "THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S REQUEST FOR A JURY INSTRUCTION ON THE LESSER-INCLUDED OFFENSE OF ROBBERY."
 {¶ 6} In this assignment of error, appellant argues that the common pleas court erred in finding robbery not to be a lesser-included offense of aggravated robbery. Appellant argues that because robbery is a lesser-included offense of aggravated robbery, and because the evidence reasonably supported acquitting appellant of the aggravated robbery counts and convicting him of robbery, the court should have given a robbery instruction to the jury.
 {¶ 7} As this court has recently stated, "[a]n offense may be a lesser-included offense of another if: (1 ) the offense carries a lesser penalty than the other; (2) the greater offense cannot, as statutorily defined, ever be committed without the lesser offense, as statutorily defined, also being committed; and, (3) some element of the greater offense is not required to prove the commission of the lesser offense."State v. Accord, Fayette App. No. CA2005- 05-019, 2006-Ohio-2250, ¶ 5, citing State v. Deem (1988), 40 Ohio St.3d 205, *Page 3 
paragraph three of the syllabus.
 {¶ 8} R.C. 2911.01(A)(1), the section of the aggravated robbery statute under which appellant was indicted and convicted, states as follows:
 {¶ 9} "(A) No person, in attempting or committing a theft offense, as defined in R.C. 2913.01 of the Revised Code,[1] or in fleeing immediately after the attempt or offense, shall do any of the following:
 {¶ 10} "(1) Have a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it[.]"
 {¶ 11} R.C. 2911.02, the robbery statute, states as follows in section (A)(1) with respect to the possession of a deadly weapon during the commission of the offense:
 {¶ 12} "(A) No person, in attempting or committing a theft offense[2] or in fleeing immediately after the attempt or offense, shall do any of the following:
 {¶ 13} "(1) Have a deadly weapon on or about the offender's person or under the offender's control[.]"
 {¶ 14} We find that, under the three prongs of the Deem test cited by this court in Accord, robbery as defined in R.C. 2911.02(A) (1 ) is a lesser-included offense of aggravated robbery as defined in R.C. 2911.01(A)(1). As to the first prong, robbery under *Page 4 
R.C. 2911.02(A)(1) is a second-degree felony and therefore carries a lesser penalty than aggravated robbery under R.C. 2911.01(A)(1), a first-degree felony. As to the second prong, one cannot commit aggravated robbery under R.C. 2911.01(A) (1 ) without committing robbery under R.C. 2911.02(A) (1 ) because all of the elements of robbery are elements of aggravated robbery. Each statutory section contains elements prohibiting persons, in attempting or committing a theft offense, or in fleeing after the attempt or offense, from having a deadly weapon on or about them or under their control. As to the third prong, an element of the R.C. 2911.01(A) (1 ) aggravated robbery offense is not required to prove the R.C. 2911.02(A) (1 ) robbery offense. Displaying, brandishing, indicating the possession of, or using a deadly weapon is an element of the R.C. 2911.01(A)(1) aggravated robbery offense, but not an element of the R.C. 2911.02(A) (1 ) robbery offense.
 {¶ 15} Our above conclusion is consistent with the conclusions of other Ohio appellate courts that have considered this issue since 1996, when the General Assembly redefined the conduct constituting robbery and aggravated robbery. See, e.g., State v. Smith, Trumbull App. No. 2005-T-0080, 2006-Ohio-4669, ¶ 36; State v. Taylor, Montgomery App. No. 21122, 2006-Ohio-2655, ¶ 34; State v. Schoonover (Sept. 21, 1998), Adams App. No. 97 CA 647, 1998 WL 652549, *5.
 {¶ 16} Though R.C. 2911.02(A)(1) robbery is a lesser-included offense of R.C. 2911.01(A)(1) aggravated robbery, appellant was not automatically entitled to a lesser-included instruction for R.C. 2911.02(A)(1) robbery. See State v. Garrett, Butler App. No. CA2002-05-111, 2003-Ohio-5000, ¶ 17 (jury instruction on lesser-included offense not automatically required). A jury instruction on a lesser-included offense is required only where the evidence presented at trial would reasonably support both an acquittal on the crime charged and a conviction on the lesser-included offense. State v. Carter,89 Ohio St.3d 593, 600, 2000-Ohio-172. In determining whether to give an instruction on a lesser-included *Page 5 
offense, the trial court must consider the evidence in a light most favorable to the defendant. State v. Davis (1983), 6 Ohio St.3d 91,95-96.
 {¶ 17} Appellant argues that because the state did not produce at trial the gun used by appellant during the commission of the offenses, he was entitled to a lesser-included offense instruction for R.C. 2911.02(A)(1) robbery. Appellant asserts that "[t]he jury could have reasonably found that * * * [appellant] did not brandish the gun since the gun was never recovered." Appellant argues that the jury could have instead found that appellant merely possessed the gun, and therefore acquitted him of R.C. 2911.01(A) (1 ) aggravated robbery and convicted him of R.C. 2911.02(A)(1) robbery. Appellant points to the testimony of Officer Siekbert of the Union Township Police Department, who testified that appellant did not have a gun when Officer Siekbert encountered him shortly after the incident, and that police never recovered a gun.
 {¶ 18} Despite the state's failure to produce a gun at trial, there was substantial, un-contradicted evidence in the record indicating that appellant displayed and brandished a gun during the commission of a theft offense. The two victims each testified that appellant pointed a gun directly at them. One victim, Sheila Vega, testified that appellant pointed the gun "right on [her] heart" and "on [her] head." She described the gun as silver and automatic. Ms. Vega testified that while appellant pointed the gun at her, appellant took her purse from a closet. The other victim, Tyrita Henley, testified that appellant "put [the gun] in [her] face," and "pressed [it] to [her] forehead." She described the gun as silver and "a little scratched up." After appellant struck her lightly in the jaw and knee with the gun, Ms. Henley testified that she gave him $ 100.
 {¶ 19} A third individual, Victor Watts, who was present at the scene, testified that appellant displayed a silver pistol earlier in the evening. Mr. Watts also testified that appellant informed him of his plans to rob the two women. While Mr. Watts did not testify *Page 6 
that he observed appellant point the gun at the victims, he did testify that appellant had the gun with him when he went into the bedroom where Ms. Henley was present, shortly before obtaining her money. Mr. Watts also testified that appellant had the gun with him when he left the bedroom. Mr. Watts testified that he did not see appellant point the gun at Ms. Henley because he went to another room. Mr. Watts did not deny that appellant pointed the gun at the victims, but simply indicated that he did not observe it occur.
 {¶ 20} After reviewing the record, including the above testimony, we find that the evidence in this case did not reasonably support an acquittal for the R.C. 2911.01(A)(1) aggravated robbery offenses and a conviction for R.C. 2911.02(A) (1 ) robbery offenses. The evidence strongly supported convicting appellant of aggravated robbery. The two victims gave un-contradicted testimony that appellant displayed and brandished the gun during the commission of theft offenses. While Mr. Watts did not observe appellant point the gun at the victims, he did not deny that fact. His testimony regarding appellant's plans and his possession of the gun bolstered the victims' testimony. No other witnesses testified regarding appellant's actions during the commission of the offenses.
 {¶ 21} We do not find merit in appellant's argument that the state's failure to produce the gun at trial reasonably supported acquitting him of aggravated robbery and convicting him of robbery. As previously stated, an essential element of R.C. 2911.02(A) (1 ) robbery is the possession of a deadly weapon, which is also an essential element of R.C. 2911.01(A)(1) aggravated robbery. The state's failure to produce the gun does not logically support the argument that appellant possessed a gun, but did not display or brandish it, thereby making him not guilty of aggravated robbery but guilty of robbery. The state's failure to produce the gun therefore does not reasonably support appellant's argument that a robbery instruction was warranted.
 {¶ 22} Accordingly, while the common pleas court erroneously concluded that *Page 7 
R.C. 2911.02(A)(1) robbery was not a lesser-included offense of R.C. 2911.01(A)(1) aggravated robbery, the court nevertheless did not err in failing to give the lesser-included offense instruction for R.C. 2911.02(A)(1) robbery. The evidence did not demand such an instruction. Therefore, we overrule appellant's sole assignment of error, and affirm the judgment of the common pleas court.
YOUNG and BRESSLER, JJ., concur.
[1] {¶ a} R.C. 2913.01 defines "theft offense" to mean various statutory offenses, including theft in violation R.C. 2913.02, which is relevant to this case. R.C. 2913.02 provides in relevant part as follows:
{¶ b} "(A) No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways:
{¶ c} "(1) Without the consent of the owner or person authorized to give consent;
{¶ d} "(2) Beyond the scope of the express or implied consent of the owner or person authorized to give consent;
{¶ e} "(3) By deception;
{¶ f} "(4) By threat;
{¶ g} "(5) By intimidation."
[2] Parallel to R.C. 2911.01, R.C. 2911.02(C)(2) states that "theft offense" has the same meaning as in R.C. 2913.01. *Page 1