OPINION
{¶ 1} Defendant-appellant, John Ross III, appeals his convictions in the Clinton County Court of Common Pleas for two counts of robbery. We affirm appellant's convictions.
 {¶ 2} Between 1:00 a.m. and 2:00 a.m. on November 10, 2004, appellant and a female accomplice broke into Low Joe's Discount Tobacco Store in Wilmington. The duo used a cinder block to shatter the glass front door of the store in what appellant described at trial as a "smash and grab." Upon entering the store, appellant and his accomplice filled trash cans with cartons of cigarettes. While leaving the store, appellant and his accomplice encountered Sean Hartley, a manager at a nearby pizzeria. Hartley grabbed appellant's accomplice, and said, "[Y]ou guys aren't going anywhere." A scuffle between appellant and Hartley ensued. Eventually, Hartley forced appellant to the ground, and incapacitated him with a choke hold. Meanwhile, appellant's accomplice fled. Hartley held appellant in the choke hold until the police arrived. Both appellant and Hartley were subsequently transported to the hospital for treatment of injuries sustained in the scuffle.
 {¶ 3} Later in November 2004, a Clinton County grand jury indicted appellant for one count of breaking and entering in violation of R.C. 2911.13(A), one count of theft in violation of R.C. 2913.02(A)(1), one count of robbery in violation of R.C.2911.02(A)(3), one count of robbery in violation of R.C.2911.02(A)(2), and one count of possession of criminal tools in violation of R.C. 2923.24. The breaking and entering count, the theft count, and the possession of criminal tools count were fifth-degree felonies. One of the robbery counts was a second-degree felony, and the other was a third-degree felony. Appellant pled "not guilty" to all the counts in the indictment.
 {¶ 4} The common pleas court held a jury trial in May 2005. At the conclusion of the trial, the jury found appellant guilty of all counts. The common pleas court sentenced appellant to 11-month prison terms for the breaking and entering count, the theft count, and the possession of criminal tools count. The court sentenced appellant to five years in prison for the second-degree felony robbery count, and four years in prison for the third-degree felony robbery count. The court ordered all of the above sentences to be served concurrently.
 {¶ 5} Appellant now appeals his two robbery convictions, raising two assignments of error.
 {¶ 6} Assignment of Error No. 1:
 {¶ 7} "THE TRIAL COURT ERRED WHEN IT ENTERED JUDGMENT AGAINST THE DEFENDANT WHEN THE EVIDENCE WAS INSUFFICIENT TO SUSTAIN A CONVICTION AND WAS NOT SUPPORTED BY THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 8} In this assignment of error, appellant argues that his robbery convictions were not supported by sufficient evidence, and were against the manifest weight of the evidence. Specifically, appellant argues that the state did not prove the force element of the robbery offenses.
 {¶ 9} We first address appellant's sufficiency of the evidence argument. The review of a claim that a conviction is not supported by sufficient evidence focuses upon whether, as a matter of law, the evidence presented at trial was legally sufficient to sustain a verdict. State v. Thompkins,78 Ohio St.3d 380, 386, 1997-Ohio-52. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, "any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Hancock, 108 Ohio St.3d 57, 2006-Ohio-160, ¶34.
 {¶ 10} R.C. 2911.02(A)(2) and R.C. 2911.02(A)(3), the robbery sections under which appellant was convicted, state as follows:
 {¶ 11} "(A) No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following:
 {¶ 12} "(1) * * *;
 {¶ 13} "(2) Inflict, attempt to inflict, or threaten to inflict physical harm on another;
 {¶ 14} "(3) Use or threaten the immediate use of force against another."
 {¶ 15} Hartley testified that around 2:00 a.m. on November 10, 2004, he saw a cinder block on the ground outside Low Joe's, the front door shattered, and appellant and his accomplice throwing cartons of cigarettes into trash cans. When appellant and his accomplice exited the store, Hartley grabbed appellant's accomplice, saying, "[Y]ou guys aren't going anywhere." According to Hartley, appellant then said, "[L]et her go or I'm gonna get you." Believing that appellant had a knife or a gun, Hartley let the accomplice go. Appellant then grabbed the trash can he had been carrying and started running. Hartley grabbed the accomplice a second time. When appellant turned and ran toward him, Hartley let the woman go and pushed appellant away from him. Again, appellant attempted to run from the scene.
 {¶ 16} Hartley subsequently chased appellant down a nearby alley, quickly catching up to him. According to Hartley, appellant turned and swung at Hartley with his fist, tearing Hartley's shirt. Hartley testified that appellant swung two more times, grazing Hartley's chin with the third attempt. When appellant swung a fourth time, Hartley backed away and appellant fell forward. At that point, Hartley held appellant close in a headlock. While in the headlock, appellant struck Hartley many times, including several times in the genitalia. Hartley then forced appellant to the ground and incapacitated him with a choke hold. Hartley testified that he held appellant for approximately ten minutes until the police arrived.
 {¶ 17} The above testimony by Hartley showed that appellant violated R.C. 2911.02(A)(2) by "threaten[ing] to inflict physical harm" on Hartley while fleeing immediately after committing a theft offense. Specifically, the jury could have reasonably inferred that appellant threatened to inflict physical harm when he said to Hartley, "[L]et her go or I'm gonna get you." After saying those words to Hartley, appellant ran with the cigarette cartons away from the crime scene. The above testimony by Hartley also showed that appellant violated R.C. 2911.02(A)(3) by using force against Hartley while fleeing immediately after committing a theft offense. Specifically, appellant used force when he swung at Hartley several times, tearing his shirt and grazing his chin, in addition to striking Hartley while in the headlock. Immediately prior to striking Hartley, appellant had been running down an alley away from the crime scene.
 {¶ 18} Despite the above testimony by Hartley as to the essential elements of the robbery offenses, appellant argues that the state did not present sufficient evidence of his guilt. Appellant asserts that Hartley did not have a legal right to intervene because he was not an employee of the store nor did he properly effect a citizen's arrest. Therefore, appellant argues, he had a right to resist Hartley's unlawful intervention, and his threat to inflict physical harm on Hartley and his use of force against Hartley could not have been the basis for the state's proof of robbery.
 {¶ 19} In support of his argument, appellant cites State v.Brenot (Mar. 31, 1999), Franklin App. No. 98-AP-640, 1999 WL 177490. In Brenot, a customer at an auto parts store attempted to restrain the defendant in the parking lot after the defendant stole less than $500 of merchandise from the store. The court found that the customer was not authorized to detain the defendant under the citizen's arrest statute, R.C. 2935.04, because that statute did not allow a private citizen to arrest someone for committing a misdemeanor. Brenot at *4. Noting the right of an individual to resist an improper arrest, the court found that the state had not proven the force element necessary for a robbery conviction. Id. at *6.
 {¶ 20} We find Brenot distinguishable. Unlike the misdemeanor theft in Brenot, the theft in this case was a felony. Appellant testified that he took nearly 80 cartons of cigarettes worth about $30 each, a total value well over the $500 necessary to constitute a felony theft offense. See R.C.2913.02(B)(2). Further, appellant had committed the additional felony of breaking and entering. Therefore, Hartley had the authority to make a citizen's arrest under R.C. 2935.04.
 {¶ 21} Though Hartley had the authority to make a citizen's arrest under R.C. 2935.04, appellant additionally argues that Hartley did not properly make such an arrest because he did not comply with R.C. 2935.07. That statute states in relevant part as follows:
 {¶ 22} "When an arrest is made by a private person, he shall, before making the arrest, inform the person to be arrested of the intention to arrest him and the cause of the arrest.
 {¶ 23} "When a person is engaged in the commission of a criminal offense, it is not necessary to inform him of the cause of his arrest."
 {¶ 24} We find that Hartley complied with R.C. 2935.07 in detaining appellant. Because the record shows that appellant was engaged in a criminal offense at the time Hartley encountered him, Hartley was not required under R.C. 2935.07 to inform appellant of the cause of the arrest. Regarding the intent to make an arrest, Hartley told appellant and his accomplice, "[Y]ou guys aren't going anywhere." While that language did not explicitly state that Hartley intended to make a citizen's arrest, given the surrounding circumstances we find that such language was the practical equivalent. Further, it has been held that notice of intent to arrest under R.C. 2935.07 is unnecessary when the person to be arrested is engaged in the commission of a criminal offense at the time of the arrest. See State v. Adkins
(Mar. 16, 1992), Stark App. No. CA-8675, 1992 WL 61638, *2.
 {¶ 25} Accordingly, there was sufficient evidence of appellant's guilt of the robbery offenses. Based on Hartley's testimony, a rational trier of fact could have found that appellant, in fleeing immediately after committing a theft offense, threatened to inflict physical harm on another, and used force against another. Further, as discussed above, Hartley had the authority under the citizen's arrest statute to detain appellant. Therefore, appellant's threats to inflict physical harm on Hartley and his use of force against Hartley were not justified and could be used to prove the force element of the robbery offenses.
 {¶ 26} We now address appellant's manifest weight of the evidence argument. When reviewing whether a conviction is supported by the manifest weight of the evidence, an appellate court "`review[s] the entire record, weighs the evidence and all reasonable inferences, [and] considers the credibility of witnesses.'" Hancock, 108 Ohio St.3d 57, 2006-Ohio-160, ¶ 39, quoting State v. Martin (1983), 20 Ohio App.3d 172, 175. The relevant inquiry is "whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed." Id.; see, also, Thompkins, 78 Ohio St.3d at 387.
 {¶ 27} In this argument, appellant again contests only the force element of the robbery convictions. Appellant himself was the only witness other than Hartley who testified about the details of their confrontation. Appellant testified that he never threatened Hartley, but only told him, "[L]et her go," when Hartley grabbed his accomplice. According to appellant, Hartley let her go and then began choking him. Appellant testified that he never said, "I'm gonna get you." He testified that he may have pushed Hartley so that Hartley would stop choking him. Further, he testified that he never attempted to strike Hartley.
 {¶ 28} We cannot say that the jury clearly lost its way and created such a manifest miscarriage of justice that appellant's robbery convictions must be reversed and a new trial ordered. Hartley testified that appellant threatened physical harm and used force against him, while appellant testified that he did not do so. The jury simply found Hartley to be a more credible witness than appellant. Accordingly, because there was sufficient evidence supporting appellant's robbery convictions, and because appellant's robbery convictions were not against the manifest weight of the evidence, we overrule appellant's first assignment of error.
 {¶ 29} Assignment of Error No. 2:
 {¶ 30} "TRIAL COUNSEL PROVIDED INEFFECTIVE ASSISTANCE OF COUNSEL."
 {¶ 31} In this assignment of error, appellant argues that his trial counsel provided ineffective assistance when he called appellant to testify as a witness. Appellant asserts that his testimony greatly prejudiced him because it allowed for the introduction of his many prior convictions for similar crimes such as breaking and entering.
 {¶ 32} To establish ineffective assistance of counsel, a defendant must show "(1) deficient performance by counsel, i.e., performance falling below an objective standard of reasonable representation, and (2) resulting prejudice, i.e., a reasonable probability that, but for counsel's errors, the proceeding's result would have been different." State v. Sapp,105 Ohio St.3d 104, 2004-Ohio-7008, ¶ 76, citing Strickland v.Washington (1984), 466 U.S. 668, 687-688, 694, 104 S.Ct. 2052. Trial tactics and strategies, even "debatable trial tactics," do not constitute a denial of effective assistance of counsel.State v. Leonard, 104 Ohio St.3d 54, 2004-Ohio-6235, ¶ 146.
 {¶ 33} We do not find that appellant's counsel was ineffective for calling appellant as a witness. Such a decision represented a reasonable trial strategy. Hartley's testimony was very damaging to appellant's case, and likely would have led to a guilty verdict if left unrebutted. Appellant's counsel decided that the opportunity to rebut that testimony was worth the damage to be caused by the admission of appellant's criminal history. "It is not the role of the appellate court to second guess the strategic decisions of trial counsel." State v. Wells, Warren App. No. CA2005-04-050, 2006-Ohio-874, ¶ 11, citing State v.Baker (Aug. 23, 1999), Clermont App. No. CA98-11-108, 1999 WL 636479, *9.
 {¶ 34} Even if appellant's trial counsel had not called appellant as a witness, we do not find a reasonable probability that the result of the trial would have been different. Hartley testified that he witnessed appellant taking cigarettes from the store, and that appellant threatened him and struck him. As previously stated, with nothing to rebut that testimony, appellant's chances for acquittal would have been slim. Simply challenging Hartley's credibility based on the fact that Hartley had consumed "a beer or two" earlier in the evening, and that he had one prior shoplifting conviction, likely would not have been enough to overcome the damage Hartley's testimony had done to appellant's case.
 {¶ 35} Based on the above analysis, we overrule appellant's second assignment of error. Having overruled both of appellant's assignments of error, we affirm appellant's robbery convictions.
 {¶ 36} Judgment affirmed.
Walsh, P.J., and Bressler, J., concur.
Hendrickson, J., retired, of the Twelfth Appellate District, sitting by assignment of the Chief Justice, pursuant to Section6(C), Article IV of the Ohio Constitution.