[Cite as *In re L.M.*, 2012-Ohio-1025.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

IN RE: L.M.

C.A. No.     25693

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     DL 10-09-002475

DECISION AND JOURNAL ENTRY

Dated: March 14, 2012

CARR, Presiding Judge.

{¶1}  Appellant, L.M. ("Larry"), appeals his adjudication as a delinquent child in the Summit County Court of Common Pleas, Juvenile Division.  This Court reverses.

I.

{¶2}  In the summer of 2010, Antwon's bike was stolen.  Antwon is Antonio's younger brother and Larry's cousin.  Several weeks after the bike was stolen, Antonio and Larry were riding their bikes.  Antonio saw Antwon's bike being ridden by Marcellous.  Antonio, who was 14 years old, approached Marcellous, who was 15 years old.  Kyren, another 14-year-old, was riding with Marcellous and stood with him.  Larry, who was only 11 years old, remained away from the other boys.

{¶3}  Antonio confronted Marcellous about riding his little brother's stolen bike.  Marcellous said the bike belonged to a friend.  Antonio threatened to fight him for it.  He grabbed it and pulled.  Marcellous let go of the bike, allowing Antonio to take it.  Larry climbed

on the handlebars of the bike and Antonio pedaled home. Marcellous recognized Larry but Kyren did not. Both boys said that Larry was not involved in the confrontation. They agreed he stood silent, except perhaps for a nervous laugh, and out of reach.

{¶4} Even though every eyewitness to these events agreed that Larry was not involved in taking the bike and played no role in any confrontation between Antonio and Marcellous, three complaints were filed in the juvenile court, charging Larry with robbery, receiving stolen property, and misrepresenting identity.

{¶5} The matter proceeded to adjudication. The juvenile court adjudicated Larry delinquent by reason of robbery in violation of R.C. 2911.02(A)(2). We note that the trial court analyzed the matter in regard to complicity to commit robbery under subsection (A)(3) of the robbery statute; however, the relevant portion of the adjudicatory order referenced only a charge of robbery pursuant to R.C. 2911.02(A)(2). We, therefore, consider the merits of the appeal within that context. The juvenile court further dismissed the remaining two charges against Larry. The juvenile court proceeded immediately to disposition, at which time it ordered that Larry be placed on probation for four months. Disposition was stayed pending appeal. Larry filed a timely appeal, raising two assignments of error for review.

II.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT ERRED IN FINDING THAT THE STATE PRESENTED SUFFICIENT EVIDENCE TO ADJUDICATE JUVENILE DELINQUENT OF COMPLICITY TO COMMIT ROBBERY.

{¶6} Larry argues that his adjudication as a delinquent child was not supported by sufficient evidence. This Court disagrees.

{¶7} When considering this issue, this Court applies the same standard of review as that applied in an adult criminal context. *In re J.F.*, 9th Dist. No. 24490, 2009-Ohio-1867, ¶ 12.

{¶8} The law is well settled:

> An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.

*State v. Galloway*, 9th Dist. No. 19752, 2001 WL 81257 (Jan. 31, 2001), quoting *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. The test for sufficiency requires a determination of whether the State has met its burden of production at trial. *State v. Walker*, 9th Dist. No. 20559, 2001 WL 1581570 (Dec. 12, 2001); *see also State v. Thompkins*, 78 Ohio St.3d 380, 390 (1997) (Cook, J. concurring).

{¶9} Larry was charged with, and adjudicated delinquent by reason of, robbery in violation of R.C. 2911.02(A)(2), which states: "No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall * * * [i]nflict, attempt to inflict, or threaten to inflict physical harm on another[.]" A "theft offense" includes any of the multiple enumerated offenses listed in R.C. 2913.01(K)(1)-(4). R.C. 2901.01(A)(3) defines "physical harm to persons" as "any injury, illness, or other physiological impairment, regardless of its gravity or duration."

{¶10} As recounted above, none of the eyewitnesses or participants in the confrontation between Antonio and Marcellous testified that Larry participated in any way in the conduct that resulted in Antonio taking the bike from Marcellous. If this were the only evidence offered at the hearing, this Court would conclude that the adjudication was not supported by sufficient

evidence. Because we must consider all of the evidence in the light most favorable to the prosecution, however, this Court must conclude that the testimony of Officer John Scalise of the Akron Police Department supports the conclusion that the State presented sufficient evidence.

{¶11} Officer Scalise drove Antonio and Larry to the juvenile detention center. He said that Larry asked him what he was charged with and he replied, "receiving stolen property and misrep of identification[.]" Although the officer did not mention robbery, he testified that Larry "blurted," "We just – we just pushed the kid down and took his bike. We didn't use a gun or anything like that. That's not robbery." Officer Scalise testified that Larry also asked what Antonio's charges were and the officer mentioned robbery. The officer testified that Larry's comment was a confession to robbery and he signed a complaint against Larry alleging a count of robbery.

{¶12} Reviewing the evidence in a light most favorable to the State, this Court concludes that there was sufficient evidence to convince the average mind that Larry committed robbery. Officer Scalise testified that Larry confessed to pushing the victim down and taking his bike. It is reasonable to infer that the act of pushing another person to the ground would cause some type of physical harm, however slight. Accordingly, the State presented sufficient evidence to demonstrate that Larry attempted to inflict physical harm and committed a theft. Larry's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

THE ADJUDICATION OF L.M. AS DELINQUENT BY REASON OF COMPLICITY TO COMMIT ROBBERY IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶13} Larry argues that his adjudication as a delinquent child is against the manifest weight of the evidence. This Court agrees.

{¶14} Again this Court analyzes the matter within the context of the offense by reason of which he was adjudicated delinquent, to wit: robbery in violation of R.C. 2911.02(A)(2), a felony of the second degree if committed by an adult.

> In determining whether a criminal conviction is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

*State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986). This discretionary power should be exercised only in exceptional cases where the evidence presented weighs heavily in favor of the defendant and against conviction. *Id*.

{¶15} Marcellous testified repeatedly that Larry never threatened or pushed him. In fact, he testified that Larry never said anything and was at all times too far away to make contact with him. Marcellous further testified that Larry did not take the bike he was riding, although he rode away on the handle bars as Antonio pedaled the bike. Marcellous testified that Antonio repeatedly informed him that the bike he was riding belonged to Antonio's brother.

{¶16} Kyren testified that someone he knew as Antonio stopped him and Marcellous and informed Marcellous that he was riding Antonio's brother's bike. Kyren testified that it was only Antonio who threatened to punch Marcellous, pushed Marcellous off the bike, and took the bike; although he testified that there was another person with Antonio at the time. Kyren in no way described or otherwise identified the other person with Antonio.

{¶17} Officer Jim Alexander of the Akron Police Department apprehended two suspects in the alleged robbery but testified that he only questioned Antonio about the incident, not Larry. He testified that the victim, whose name he did not remember, told him that two suspects approached him, pushed him off his bike, and took the bike.

{¶18} Officer Scalise testified that Larry denied participating in a robbery even though the officer had not informed him that he was being charged with robbery. Officer Scalise was not aware that both victims testified that Larry did not push or threaten anybody. He admitted that he never spoke with either victim.

{¶19} Larry testified in his own defense. He was 11 years old at the time of the incident. He had learned that his cousin Antwon's bike had been stolen several weeks before the incident on September 5, 2010. He testified that he and his cousin Antonio saw two boys riding bikes on September 5, 2010, and that they approached the boys because one of the bikes looked like Antwon's stolen bike. Larry testified that Antonio informed one of the boys that he was riding Antonio's brother's bike. He stood silent and watched as Antonio argued with Marcellous about the bike until Marcellous got off the bike and gave it to Antonio. Larry and Antonio then rode away on the bike.

{¶20} Larry testified that he and Antonio did not discuss taking the bike from Marcellous, and he did not remember laughing at the situation. Larry denied telling Officer Scalise that he and Antonio pushed Marcellous off the bike or that there could not have been a robbery because they did not use a gun.

{¶21} In weighing the evidence and all reasonable inferences and considering the credibility of the witnesses, we conclude that this presents the exceptional case, where the evidence weighs heavily in favor of Larry. The weight of the evidence does not support the conclusion that Larry committed or attempted to commit a theft offense. He believed that the bike at issue belonged to his cousin. Both Marcellous and Kyren admitted that the bike did not belong to Marcellous and that they had no personal knowledge how its alleged owner, Anthony, had received it before lending it to Marcellous.

**{¶22}** The weight of the evidence supports the conclusion that Larry played no role in taking the bike from Marcellous. Marcellous testified that Larry did not say anything, or threaten or push him during the incident. He further testified that Larry was not close enough to touch him. Kyren never identified Larry as the other person with Antonio, but, even assuming he was referring to Larry, he testified that that other person never threatened or pushed Marcellous or did anything other than laugh. Accordingly, the weight of the evidence supports the conclusion that Larry did not inflict, attempt to inflict, or threaten to inflict physical harm on Marcellous, notwithstanding Officer Scalise's assertion that Larry "blurted out" a confession. A thorough review of the record compels this Court to conclude that the trier of fact lost its way and committed a manifest miscarriage of justice in adjudicating Larry delinquent by reason of robbery. Accordingly, the adjudication is against the manifest weight of the evidence. Larry's second assignment of error is sustained.

## III.

**{¶23}** Larry's first assignment of error is overruled. His second assignment of error is sustained. The judgment of the Summit County Court of Common Pleas, Juvenile Division, is reversed and the cause remanded for further proceedings consistent with this opinion.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

DONNA J. CARR
FOR THE COURT

MOORE, J.
DICKINSON, J.
CONCUR.

APPEARANCES:

JOSEPH S. KODISH and CEDRIC COLVIN, Attorneys at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.