[Cite as *State v. Moorer*, 2016-Ohio-5216.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

    v.

DEQUANTE D. MOORER

    Appellant

C.A. No.    27843

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR 2015 01 0076

DECISION AND JOURNAL ENTRY

Dated: August 3, 2016

---

HENSAL, Judge.

{¶1} Defendant-Appellant, Dequante Moorer, appeals his convictions for robbery, aggravated burglary, and kidnapping in the Summit County Court of Common Pleas. For the following reasons, this Court affirms.

I.

{¶2} On the evening of December 18, 2012, Earl Walker was at home with his elderly grandmother. While his grandmother was upstairs lying down, Mr. Walker heard a knock at the front door. The individual outside identified himself as Marty, which is Mr. Walker's cousin's name. Upon opening the door, four or five men "rushed" Mr. Walker. According to Mr. Walker, the men threw him on the couch, and duct taped his hands and feet. They also put duct tape over Mr. Walker's mouth. The men then went through the house and stole several items, including a large flat-screen television valued at over $2,000.00. After the men left, Mr. Walker freed himself from the duct tape and called the police.

{¶3} When the police arrived, Mr. Walker directed them to the duct tape that had been used, as well as a tissue lying on the floor, which he indicated was not present prior to the men entering the home. The police collected these items and submitted them for DNA testing. Although the DNA results initially did not produce any suspects, the DNA later matched a sample submitted by Mr. Moorer in a separate criminal matter.

{¶4} A grand jury indicted Mr. Moorer on counts for aggravated robbery in violation of Revised Code Section 2911.01(A)(3), aggravated burglary in violation of Section 2911.11(A)(1), and kidnapping in violation of Sections 2905.01(A)(2)/(A)(3). Mr. Moorer pleaded not guilty. At trial, the State amended the aggravated robbery charge to robbery under Section 2911.02(A)(2), thereby eliminating the need for the State to prove that Mr. Moorer "[i]nflict[ed], or attempt[ed] to inflict, serious physical harm[,]" and instead requiring the State to prove that Mr. Moorer "[i]nflict[ed], attempt[ed] to inflict, or threaten[ed] to inflict physical harm[.]" *See* R.C. 2911.01(A)(3); R.C. 2911.02(A)(2).

{¶5} The State presented testimony from several witnesses, including Mr. Walker, police officers, and forensic scientists. After the State rested, the defense moved for dismissal under Criminal Rule 29, arguing, in part, that the State failed to present any evidence of physical harm. The trial court denied defense counsel's motion in that regard.

{¶6} Mr. Moorer then testified on his own behalf, asserting that he had never been to Mr. Walker's home, and that he was being framed for these crimes. The jury found Mr. Moorer guilty of robbery, aggravated burglary, and kidnapping. The trial court concluded that the offenses merged for purposes of sentencing, and the State elected to proceed with sentencing as to the aggravated burglary charge. The trial court sentenced Mr. Moorer to a mandatory prison term of eleven years.

{¶7} Mr. Moorer now appeals his convictions and sentence, raising three assignments of error for our review. For ease of consideration, we will address Mr. Moorer's second and third assignments of error together, and first.

II.

## ASSIGNMENT OF ERROR II

MR. MOORER'S CONVICTION[S] FOR COUNTS ONE AND TWO ARE NOT SUPPORTED BY SUFFICIENT EVIDENCE BECAUSE THERE WAS NO EVIDENCE OF PHYSICAL HARM.

## ASSIGNMENT OF ERROR III

BECAUSE MR. MOORER'S KIDNAPPING CONVICTION WAS BASED UPON HIS CONVICTIONS FOR ROBBERY AND AGGRAVATED BURGLARY, THE KIDNAPPING CONVICTION MUST BE VACATED IF THE ROBBERY AND AGGRAVATED BURGLARY CONVICTIONS ARE REVERSED.

{¶8} In his second assignment of error, Mr. Moorer argues that his convictions for robbery and aggravated burglary are not supported by sufficient evidence because the State presented no evidence of physical harm. At best, he argues, the State presented evidence of force, which is legally distinct from harm. In response, the State argues that "[t]he action[s] of throwing [Mr.] Walker to the [c]ouch and binding him with duct tape are sufficient to prove that [Mr.] Moorer inflicted, attempt[ed] to inflict, or threaten[ed] to inflict physical harm."

{¶9} Whether a conviction is supported by sufficient evidence is a question of law, which we review de novo. *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). In making this determination, we must view the evidence in the light most favorable to the prosecution:

> An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution,

any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.

*State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus.

{¶10} The jury found Mr. Moorer guilty of robbery and aggravated burglary under Sections 2911.02(A)(2) and 2911.11(A)(1), respectively. Section 2911.02(A)(2) provides that "[n]o person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall * * *[i]nflict, attempt to inflict, or threaten to inflict physical harm on another[.]" Section 2911.11(A)(1) provides that "[n]o person, by force, * * * shall trespass in an occupied structure * * * , when another person other than an accomplice of the offender is present, with purpose to commit in the structure * * * any criminal offense, if * * * [t]he offender inflicts, or attempts or threatens to inflict physical harm on another[.]" Thus, both statutes required the State to prove that Mr. Moorer inflicted, attempted to inflict, or threatened to inflict physical harm. Section 2901.01(A)(3) defines "[p]hysical harm" as "any injury, illness, or other physiological impairment, regardless of its gravity or duration."

{¶11} Our review of the record indicates that the State presented sufficient evidence to allow the jury to infer that Mr. Moorer inflicted, threatened to inflict, or attempted to inflict physical harm on Mr. Walker. *See In re L.M.*, 9th Dist. Summit No. 25693, 2012-Ohio-1025, ¶ 12; *State v. Ross*, 12th Dist. Clinton No. CA2005-08-015, 2006-Ohio-3780, ¶ 17; *State v. Ellis*, 10th Dist. Franklin No. 05AP-800, 2006-Ohio-4231, ¶ 5, 7 (addressing robbery under Section 2911.02(A)(2) and noting that the trier of fact can infer from the facts that the defendant inflicted, attempted to inflict, or threatened to inflict physical harm on the victim). While Mr. Moorer argues that the State simply presented evidence of force as defined under Section 2901.01(A)(1), we disagree. *See* Section 2901.01(A)(1) (defining "[f]orce" as "violence, compulsion, or constraint physically exerted by any means upon or against a person * * *.").

{¶12} Here, Mr. Walker testified that the men "rushed" him, threw him to the couch, and duct taped his hands, feet, and mouth. Mr. Walker's testimony certainly demonstrates that the men used force, but it was also sufficient to allow the jury to infer that the men attempted to inflict, or inflicted physical harm, that is, "any injury, * * * regardless of its gravity or duration." Section 2901.01(A)(3); *See In re L.M.* at ¶ 12 (overruling the defendant's sufficiency argument and holding that "[i]t is reasonable to infer that the act of pushing another person to the ground would cause some type of physical harm, however slight[,]" for purposes of robbery under Section 2911.02(A)(2)); *State v. Warren*, 4th Dist. Athens No. 02CA29, 2003-Ohio-1196, ¶ 22 (holding that a "rational jury could find that [the defendant] was aware that his conduct of tightly binding [the victim's] feet and her hands with sticky duct tape and placing sticky duct tape over her mouth would probably cause [the victim] physical harm while it was on and when it was removed."). Accordingly, Mr. Moorer's second assignment of error is overruled.

{¶13} In his third assignment of error, Mr. Moorer argues that, if the robbery and aggravated burglary convictions are reversed, then this Court must vacate his conviction for kidnapping, which is premised upon his convictions for robbery and aggravated burglary. In light of our disposition of Mr. Moorer's second assignment of error, Mr. Moorer's third assignment of error is overruled as moot. App.R. 12(A)(1)(c).

ASSIGNMENT OF ERROR I

THE JURY INSTRUCTION FOR COUNTS ONE AND TWO FAILED TO MINIMALLY INSTRUCT THE JURY REGARDING THE ELEMENTS NECESSARY TO FIND MR. MOORER GUILTY OF THESE COUNTS.

{¶14} In his first assignment of error, Mr. Moorer argues that the trial court failed to properly instruct the jury on each element of the crimes of robbery and aggravated burglary.

Specifically, Mr. Moorer argues that the trial court omitted the following language from its instruction of theft for purposes of the robbery charge:

> knowingly obtained or exerted control over the…specific property…(A)(1) without the consent of the (owner) (person authorized to give consent); (*or*) (A)(2) beyond the scope of the (express) (implied) consent of the (owner) (person authorized to give consent); (*or*) (A)(3) by deception; (*or*) (A)(4) by threat; (*or*) (A)(5) by intimidation.

*See* R.C. 2913.02(A).

{¶15} Instead, the trial court instructed the jury regarding theft as follows:

> Theft offense. Before you can find the defendant was committing or attempting to commit the offense of robbery, you must find beyond a reasonable doubt that the defendant did commit the offense of theft.

> You must find beyond a reasonable doubt that on or about the 18th day of December, 2012, in Summit County, Ohio, the defendant, with purpose to deprive the owner of property; specifically, money, television, jewelry and a sound system.

> Property means property, real or personal, tangible or intangible, and any interest or license in that property.

{¶16} The trial court then proceeded to define other terms. Mr. Moorer argues that the trial court committed the same error in its instruction for aggravated burglary because it incorporated its previous definition of theft. In sum, Mr. Moorer argues that, "[a]t no point in the Court's instructions * * * is the jury instructed that it must find that [he] knowingly obtained or exerted control over the property by any of the means provided in the statute." Mr. Moorer concedes that his trial counsel did not object to the jury instructions at trial and, therefore, that this Court reviews the matter for plain error.

{¶17} The doctrine of plain error requires that there must be: (1) a deviation from a legal rule; (2) that is obvious, and; (3) that affects the appellant's substantial rights. *State v. Hardges*, 9th Dist. Summit No. 24175, 2008-Ohio-5567, ¶ 9. An error affects the appellant's substantial

rights if it affected the outcome of the trial. *State v. Barnes*, 94 Ohio St.3d 21, 27 (2002). "Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Long*, 53 Ohio St.2d 91 (1978), paragraph three of the syllabus.

{¶18} The Ohio Supreme Court has held that "relieving the state of its burden of proving an element of the offense violates a defendant's right to due process." *State v. Steele*, 138 Ohio St.3d 1, 2013-Ohio-2470, ¶ 31, citing *State v. Adams*, 103 Ohio St.3d 508, 2004-Ohio-5845, ¶ 97. "[S]uch an error in jury instructions[, however,] is waived when there was no objection and when the outcome of the trial was not affected." *Steele* at ¶ 31, citing *Adams* at ¶ 100, 102. We, therefore, must "review the instructions as a whole and the entire record to determine whether a manifest miscarriage of justice has occurred as a result of the error in the instructions." *Steele* at ¶ 33, quoting *State v. Wamsley*, 117 Ohio St.3d 388, 2008-Ohio-1195, ¶ 17.

{¶19} Mr. Moorer argues that the trial court's instruction does not simply omit an element of the crime of theft; it omits a substantial portion of the jury instruction, which resulted in a manifest miscarriage of justice. The State, on the other hand, argues that the trial court correctly instructed the jury regarding robbery and aggravated burglary, and that its theft instruction provided above did not affect the outcome of the trial.

{¶20} Our review of the record indicates that the trial court did, in fact, err by failing to properly instruct the jury as to all the elements of theft under Section 2913.02(A). *See State v. Wamsley* at ¶ 17. We, however, do not find that this error affected the outcome of the trial. In this regard, the record indicates that Mr. Walker did not consent to the men forcing their way into his home, duct taping his hands, feet, and mouth, and taking items from his home. Thus, the record indicates that the men knowingly obtained the items without Mr. Walker's consent. *See*

*State v. Mcgee*, 2d Dist. Montgomery No. 6631, 1981 WL 5301, *5 (Jan. 14, 1981) (finding "no prejudicial error in the failure of the court to instruct the jury that 'theft' means knowingly obtaining property of another with purpose to deprive the owner thereof of the property without his consent[,]" and stating that "[a]ny juror knows that when a robber points a gun at another and demands and receives his money, it has been obtained without the owner's consent."). Further, the record indicates that Mr. Moorer did not dispute that a theft occurred. Indeed, in his closing argument, Mr. Moorer's counsel indicated that he is "not disputing anything that happened to Mr. Walker." Instead, his argument focused on the alleged lack of evidence regarding physical harm for purposes of the robbery and aggravated burglary charges, and the fact that there was no evidence as to whether Mr. Moorer was actually involved in the home invasion, or what role he played if he was, among other arguments.

{¶21} Based upon the totality of the instructions and the record before us, we do not find that the trial court's error clearly and substantially affected the outcome of the trial. *Steele* at ¶ 33; *See State v. Byrd*, 2d Dist. Montgomery No. 6600, 1980 WL 352572, * 4-5 (Dec. 12, 1980) (addressing aggravated robbery and holding that, although the trial court failed to properly instruct the jury on all of the elements of theft, its error did not affect the outcome of trial); *State v. Wilkerson*, 10th Dist. Franklin No. 79AP-813, 1980 WL 353499, *2-4 (June 12, 1980) (holding same). Accordingly, Mr. Moorer's first assignment of error is overruled.

III.

{¶22} Mr. Moorer's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

SCHAFER, J.
CONCURS.

CARR, P. J.
CONCURS IN JUDGMENT ONLY.

APPEARANCES:

ANDREA L. WHITAKER and WILLIAM T. WHITAKER, Attorneys at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.